**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| SCOTT ANDREW LEWIS,<br>On Behalf of Himself and<br>All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASAP LAND EXPRESS, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Case No. 07-2226 KHV<br>)<br>)<br>)<br>)<br>)   **Jury Demanded**<br>)<br>) |

**REPRESENTATIVE ACTION COMPLAINT FOR**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** the Plaintiff, Scott Andrew Lewis, on behalf of himself and all others similarly situated, by and through counsel, and hereby sets forth his Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Scott Lewis (hereinafter referred to as "Mr. Lewis") brings this action against Defendant ASAP Land Express, Inc. (hereinafter referred to as "Defendant") for unpaid wages, and unpaid overtime compensation and related penalties and damages and for failure to pay their employees for all hours worked. Mr. Lewis is a former employee of Defendant. Mr. Lewis was paid by Defendant. Mr. Lewis alleges on behalf of himself and all similarly situated employees of Defendant that Defendant failed and refused to pay Mr. Lewis and all others similarly situated overtime pay for overtime worked and failed and refused to pay him and all other similarly situated employees straight time for all hours worked.

1

2. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; straight time premiums for all hours worked and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. Defendant's practice and policy is, and for the past three years has been, to willfully fail and refuse to pay overtime compensation due and owing to Mr. Lewis, and all other similarly situated employees, in violation of the FLSA, and to willfully fail to compensate Mr. Lewis, and all other similarly situated employees, for all hours worked while employed by Defendant. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and for overtime, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4. Currently and for the last three years, Defendant's employees have regularly worked overtime hours.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction, 28 U.S.C. § 1311, because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

6. The Kansas District Court has personal jurisdiction over Defendant because Defendant is doing business in Kansas and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

8.     Plaintiff Scott Lewis is a resident of Wichita, Kansas.  Mr. Lewis was employed by Defendant as a delivery driver from approximately April 2005 to September 2005.  Mr. Lewis regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law. Additionally, Mr. Lewis worked periods of time where he was not compensated at all for the time worked.

9.     Defendant provides package delivery services throughout the United States.

## REPRESENTATIVE ACTION ALLEGATIONS

10.    Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant performing delivery services throughout the United States within three years from the commencement of this action who have not been compensated for all hours worked and/or have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

11.    This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Mr. Lewis, the Representative Plaintiff, because the claims of Mr. Lewis are similar to the claims of the putative plaintiffs of the representative action.

12.    Mr. Lewis is similarly situated to the putative plaintiffs, has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

3

13. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FLSA CLAIM

14. Plaintiff Scott Lewis, on behalf of himself and all similarly situated employees of Defendant, re-alleges and incorporates by reference paragraphs 1 through 13 as if they were set forth again herein.

15. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Mr. Lewis, and each of the putative members of the FLSA representative action. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

16. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

17. Plaintiff Lewis and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Mr. Lewis, and the putative members of the FLSA

representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

18. At all relevant times, Defendant had a policy and practice of failing and refusing to pay their employees for all hours worked and failing and refusing to pay overtime pay to their hourly manual labor employees for all hours worked in excess of forty hours per work week.

19. As a result of Defendant's failure to compensate their delivery drivers, including Mr. Lewis, and all similarly situated employees, for all hours worked and their failure to compensate their delivery drivers at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. § 207(a)(1) and § 206(a).

20. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Mr. Lewis, on behalf of himself and all similarly situated employees of Defendant, seeks damages in the amount of all respective unpaid straight time for unpaid hours worked and all unpaid overtime compensations for all hours worked in excess of forty per week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

22. Mr. Lewis, on behalf of himself and all similarly situated employees of Defendant, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

2. Designation of Plaintiff Scott Lewis as Representative Plaintiff of the putative members of the FLSA representative action;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

4. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

5. An award of damages, including liquidated damages, to be paid to Representative Plaintiffs and class members by Defendant;

6. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

7. Pre-Judgment and Post-Judgment interest, as provided by law; and

8. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Date: May 25, 2007

Plaintiff designates Kansas City, KS as place of trial.

Respectfully submitted,

  /s/ Michael F. Brady
Michael F. Brady     KS# 18630
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 (fax)

Michael A. Hodgson   KS# 21331
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
(913) 696-0925
(913) 696-0468 (fax)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2007, a true and correct copy of the foregoing **Representative Action Complaint For Violation Of The Fair Labor Standards Act** was filed and served via the CM/ECF, and a copy served via U.S. mail, certified, return receipt requested and addressed to:

Winifred Scarrow
1100 W Grand
Salina, KS  67401

By private process server to:
James A. Johnston
617 NW Business Park Lane
Riverside, MO  64150

  s/ Michael F. Brady