IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT ANDREW LEWIS, )<br>On Behalf of Himself and )<br>All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ASAP LAND EXPRESS, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 07-2226-KHV |

## MEMORANDUM AND ORDER

Scott Andrew Lewis brings suit against ASAP Land Express, Inc. ("ASAP"), on behalf of himself and others similarly situated, seeking unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. This matter comes before the court on Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA (Doc. #36) filed March 27, 2008 and plaintiffs' Motion For Leave To Supplement Record (Doc. #45) filed April 22, 2008. For reasons stated below, the Court sustains the motions.

Under 29 U.S.C. § 216(b), plaintiffs seek conditional certification of a collective action for purposes of providing notice to putative class members. Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under the FLSA. Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004). Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc

approach by which the court determines on a case-by-case basis whether the members of the putative class are similarly situated. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the court engages in a two-step process. First, the court makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members. Brown, 222 F.R.D. at 679. This initial step creates a lenient standard which typically results in conditional certification of a representative class. Gieseke v. First Horizon Home Loan Corp., 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)). Under the second step, initiated at the close of discovery, the court utilizes a stricter standard which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. Thiessen, 267 F.3d at 1102-03.

Plaintiffs seek conditional certification of a collective action which includes "all current and former individual drivers for ASAP Land Express, Inc. who were engaged in this position from May 25, 2004 to the present." Plaintiffs argue that the putative class members are similarly situated as delivery drivers whom ASAP improperly classified as independent contractors. For purposes of conditional certification, ASAP concedes that plaintiffs have satisfied their light burden to provide substantial allegations that they were together the victims of a single decision, policy or plan. After reviewing the allegations of the complaint, plaintiffs' brief in support of the motion and the attached

declarations,[1] the Court is satisfied that plaintiffs have met the minimal threshold required for conditional collective action certification. See Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 433-34 (D. Kan. 2007) (citing Brown, 222 F.R.D. at 681) (generally, where putative class members employed in similar positions, allegation that defendants engaged in pattern or practice of not paying overtime sufficient to allege plaintiffs were victims of single decision, policy or plan).

As noted above, conditional certification serves to facilitate the dissemination of notice to potential class members. To this end, plaintiffs' motion attaches a proposed notice form. ASAP objects that the notice form (1) includes individuals whose claims fall outside of the statute of limitations; (2) should identify ASAP owner Jim Johnston as a defendant; and (3) should warn putative class members of the potential tax implications of any recovery which they might receive.

The proposed notice form addresses all delivery drivers whom ASAP employed since May 25, 2004 (i.e., three years before the filing of the complaint). The Court agrees with ASAP that the temporal scope of the notice is overly broad. Under the FLSA, the statute of limitations for willful violations is three years after the cause of action accrued. 29 U.S.C. § 255(a). For notice purposes, the Court will include only those individuals whom defendants employed within the last three years from the date of this order (i.e., May 20, 2005). Notice of the collective action is intended to reach those putative class members who have not yet joined the action, and under 29 U.S.C. § 256, an opt-in plaintiff is deemed to have commenced his or her claim when he or she files notice of consent to join the collective action. Thus, with regard to individuals who have not yet joined the action, the

---

[1] By motion for leave to supplement the record, plaintiffs introduce the declaration of Pete Blucas, who filed his consent to join the action on April 10, 2008. ASAP does not object to the introduction of this evidence, and the Court therefore considers Blucas' declaration in support of the motion for conditional certification. Plaintiffs' motion for leave to supplement the record is sustained.

maximum reach of the limitations period for any willful violation of the FLSA – assuming those individuals opt in immediately – would extend back only three years from the date of this order, rather than three years from plaintiffs' filing of the complaint.  See Pivonka v. Bd. of County Comm'rs of Johnson County, Kan., No. 04-2598-JWL, 2005 WL 1799208, at *1 n.1 (conditionally certifying representative FLSA action to include similarly situated persons employed within three years of order).  Any person who has not worked for defendants within the last three years, and has not yet opted into this action, cannot now opt in because that person's claim for unpaid wages is time-barred.[2]  The Court will not require notice to individuals who cannot possibly become members of the collective action.

As to ASAP's arguments that the notice should identify Johnston as a defendant and should warn of potential tax implications, the Court is not persuaded.  Under the FLSA, the Court has the power and the duty to ensure fair and accurate notice, but it should not alter plaintiffs' proposed notice unless such alteration is necessary.  See Heitmann v. City of Chicago, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004), cited in Gieseke v. First Horizon Home Loan Corp., No. 04-2511-CM, 2006 WL 2919076, at *1 (D. Kan. Oct. 11, 2006).  At this point, Johnston has not been named in the action and ASAP cites no authority for the proposition that the notice should identify *potential* defendants.[3]  ASAP also cites no authority for the proposition that at such an early

---

[2]     Plaintiffs argue that ASAP agreed to toll the statute of limitations for two weeks pending an extension of time for it to respond to the motion for conditional certification.  Plaintiffs provide no evidence of such an agreement and the Court has not ordered the statute of limitations tolled.  In any event, the temporal scope of the notice would still be overly broad even with a two-week toll of the statute of limitations.

[3]     Should plaintiffs amend their complaint to include Johnston as a defendant before they disseminate the notice to putative class members, the notice should be modified to reflect Johnston's
(continued...)

stage in the litigation, the Court should warn putative class members of potential tax consequences from any recovery. Such a warning might unfairly suggest that recovery is likely or, conversely, altogether dissuade those with meritorious claims from joining the action.

No later than **May 28, 2008**, plaintiffs shall amend the proposed notice as described herein and shall submit such notice to the Court for final approval. Presumably, the parties can agree on the form of the proposed notice and so advise the Court.

Typically, conditional certification of a collective action entitles plaintiffs to specific discovery regarding putative class members. See Vaszlavik, 175 F.R.D. at 681-82 (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989)). Should plaintiffs require such discovery for purposes of disseminating the notice, they shall submit a proper request to the Court no later than **May 28, 2008**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Conditional Certification Of Class Claims Under § 216(b) Of The FLSA (Doc. #36) filed March 27, 2008 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion For Leave To Supplement Record (Doc. #45) filed April 22, 2008 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that no later than **May 28, 2008**, plaintiffs shall amend the proposed notice as described herein and shall submit such notice to the Court for final approval.

**IT IS FURTHER ORDERED** that any request for discovery regarding putative class members shall be filed no later than **May 28, 2008**.

---

[3](...continued)
involvement. Such alteration is simple and will not require further order of the Court.

Dated this 21st day of May, 2008 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge