IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT ANDREW LEWIS, ) | | |
| On Behalf of Himself and ) | | |
| All Others Similarly Situated, ) | | |
| ) | | |
| Plaintiffs, ) | | CIVIL ACTION |
| ) | | |
| v. ) | | No. 07-2226-KHV |
| ) | | |
| ASAP LAND EXPRESS, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

## ORDER

Scott Andrew Lewis brings suit against ASAP Land Express, Inc. ("ASAP"), on behalf of himself and others similarly situated, seeking unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On May 21, 2008, the Court conditionally certified this case as a collective action of all persons whom ASAP had employed as delivery drivers at any time from May 21, 2005 to the present. See Memorandum And Order (Doc. #50). The Court ordered plaintiff to revise the proposed class notice and consent form and to request necessary discovery on putative class members no later than May 28, 2008. See id. at 5. This matter comes before the Court on Plaintiff's Motion For Discovery Regarding Putative Class Members (Doc. #53) filed May 22, 2008, and plaintiff's Motion For Leave To File Out Of Time (Doc. #55) filed May 30, 2008.

In his motion for discovery, plaintiff requests the names, addresses, telephone numbers and social security numbers of current and former delivery drivers. Plaintiff also requests that the Court order ASAP to post notice of the collective action in its offices. As the Court noted in its previous

order, conditional certification of a collective action typically entitles plaintiffs to specific discovery regarding putative class members. See Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681-82 (D. Colo. 1997) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989)). For purposes of disseminating notice, the Court orders that on or before **June 30, 2008**, ASAP shall provide plaintiff the names and last known addresses of all persons whom it employed as delivery drivers at any time from May 21, 2005 to the present.[1]

In his motion for leave to file out of time, plaintiff seeks leave to file the revised class notice and consent form two days late. The Court finds no reason to deny such leave. After reviewing the revised notice and consent form, the Court is satisfied that the documents reflect the changes which the Court prescribed in its previous order. The Court therefore approves the revised class notice and consent form which are attached as Exhibit B to plaintiff's Motion For Leave To File Out Of Time (Doc. #55). As soon as practicable, plaintiff shall disseminate the class notice and consent form to potential class members described in the Court's previous order conditionally certifying the case as a collective action.

**IT IS SO ORDERED.**

---

[1] As to plaintiff's request for telephone numbers and social security numbers, the Court finds that plaintiff has not justified discovery of this information. In the event that names and addresses are not sufficient to allow the mailing to reach putative class members, plaintiff may revisit the discovery request. See Gieseke v. First Horizon Home Loan Corp., No. 04-2511-CM-GLR, 2007 WL 445202, at *3 (D. Kan. Feb. 7, 2007) (where notice mailed to last known address returned undelivered, request for social security numbers justified).

As to plaintiff's request that the Court order ASAP to post notice of the collective action in its offices, the Court is not convinced that such notice would facilitate the opt-in procedure. Specifically, plaintiff's proposal does not account for the consent forms which opt-in plaintiffs must file in order to commence their claims. See 29 U.S.C. § 256(b). Mailing the notice and consent form together constitutes the most efficient means of providing putative class members the material required to inform them of their rights and allow them to join the collective action if they so choose. If mailing proves difficult, plaintiff may revisit the issue.

Dated this 12th day of June, 2008 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge