# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SCOTT ANDREW LEWIS,**
**On Behalf of Himself and**
**All Others Similarly Situated,**

                      **Plaintiffs,**                **CIVIL ACTION**

**v.**                                        **No. 07-2226-KHV-GLR**

**ASAP LAND EXPRESS, INC.,**

                      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Lewis brings suit against Defendant ASAP Land Express, Inc. ("ASAP"), on behalf of himself and others similarly situated, seeking unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA").[1] The Court has conditionally certified this case as a collective action of all persons whom ASAP had employed as delivery drivers at any time from May 21, 2005 to the present. This matter is presently before the Court on Plaintiffs' Motion for Leave to Add Party/Amend Their Petition (doc. 34). Plaintiffs seek leave to amend their petition to add Jim Johnston, owner, president, sole stockholder and secretary of Defendant ASAP, as a named defendant in the present action. Defendant opposes the motion on grounds that Plaintiffs have unduly delayed stating a cause of action. Defendant further argues that, if amendment is permitted, it should not relate back to the date of the original petition. As discussed below, the Court sustains the motion.

---

[1] 29 U.S.C. § 201 *et seq.*

**I.      Standard for Ruling on Motions to Amend**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court.[3] "Refusing leave to amend is generally only justified upon showing of undue delay, undue prejudice to [the] opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5]

Untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.[6] The Court has the discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party after looking to the reasons for the delay and the presence of excusable neglect.[7] If the movant has

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Woolsey v. Marion Labs., Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991).

[4] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[5] *Woolsey*, 934 F.2d at 1462 (citations omitted).

[6] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

[7] *Flake v. Hoskins*, Civ. A. 98-2450-KHV, 2000 WL 575051, at *1 (D. Kan. May 2, 2000) (citing *Steinert v. The Winn Group, Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000)).

been aware of the facts on which the amendment is based for some time prior to the motion to amend, the Court may properly deny the motion for failure to demonstrate excusable neglect.[8]

In addition, Fed. R. Civ. P. 21 allows the court to "at any time, on just terms, add or drop a party." The standard whether to grant a motion pursuant to Rule 21 is similar to the standard for a subsequent amendment under Rule 15, where the amendment is opposed.[9]

**II.  Discussion**

    **A.  Untimeliness**

Defendant asks the Court to deny the motion for failure to provide an adequate reason for the delay in seeking to add Jim Johnston as a defendant. It argues that Plaintiff Lewis initiated this action on May 25, 2007, but waited over ten months, to March 26, 2008, to file the motion to add Jim Johnston, the owner of ASAP, as an individual defendant. Defendant acknowledges the lenient threshold under Rule 15, but argues that the delay by Plaintiffs in seeking the amendment is largely unexplained. It further contends Plaintiffs knew or should have known the facts necessary to timely sue Johnston for months before filing their motion. Defendant argues that Plaintiffs have known, at least since receiving its initial disclosure statement in September 2007, that Johnston is or was owner of ASAP, and of his role with the company.

Plaintiffs argue that Defendant should be barred from raising the issue of the timeliness because of a prior agreement. They contend Defendant agreed it would not object to the motion on grounds of untimeliness. Specifically they state that, in exchange for their agreement not to object

---

[8] *Id.* (citing *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 31 F. Supp. 2d 921, 923 (D. Kan. 1998)).

[9] *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1316 (D. Kan. 2001).

to two separate requests for extensions of time to respond to their motion to amend and for class certification, Defendant agreed not to object to their motion to amend on the basis that it was untimely. They state they acquiesced and consented to requests by Defendant for extensions for the sole reason, and in reliance upon, its promise not to assert untimeliness for their instant motion.

Although Plaintiffs filed their motion to amend after the deadline in the Scheduling Order for such motions, the Court finds this to be an insufficient reason to deny it. The case remains in its relatively early stages. On May 21, 2008, the Court granted a motion for conditional certification as a collective action. Pursuant to this ruling, the parties have begun discovery of putative class members and have started to disseminate the class notice and consent form to potential class members. Plaintiffs explain in their reply brief that any delay in filing their motion was due to lack of discovery necessary for them to determine whether it was appropriate to add Johnston as an individual defendant. They further attribute any delay to their reliance on an agreement with Defendant that it would not object to their motion to amend as untimely. Defendant has not argued any prejudice from the purported delay. The Court declines to deny the motion as untimely.

**B.     Relation Back**

Defendant also argues that Plaintiff has not satisfied the requirements of Rule 15(c). Defendant contends that, if the amendment is permitted, it should not relate back to the date of the original complaint. It does not argue, however, that the proposed amendment should be denied as futile. Nor does it explain its request for the Court to prospectively rule on the issue of whether the amendment should relate back. It may be that Defendant intends to raise a defense of limitations. If so, it can find an appropriate procedure to address that issue. The Court, therefore, denies the

request to determine at this time whether the proposed amendment relates back to the date of the original complaint under Rule 15(c).

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave to Add Party/Amend Their Petition (doc. 34) is sustained. In accordance with D. Kan. Rule 15.1, Plaintiffs shall electronically file their proposed Amended Representative Action Complaint For Violation of the Fair Labor Standards Act **within ten (10) days of the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall serve summons and a copy of their Amended Representative Action Complaint For Violation of the Fair Labor Standards Act **within ten (10) days of the filing of the Amended Complaint** on newly added Defendant Jim Johnston.

Dated this 1st day of July 2008, at Kansas City, Kansas.

> s/ Gerald L. Rushfelt
> Gerald L. Rushfelt
> U.S. Magistrate Judge