**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SCOTT ANDREW LEWIS,
On Behalf of Himself and
All Others Similarly Situated,

Plaintiffs,

CIVIL ACTION

v.

No. 07-2226-KHV-GLR

ASAP LAND EXPRESS, INC.,
and JIM JOHNSTON,

Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Respond to Discovery Out of Time (doc. 120) filed by Defendant ASAP Land Express, Inc. Defendant requests leave to serve its responses to Plaintiffs' First Set of Requests for Admission out of time. As set forth below, the motion is sustained.

## I. Relevant facts

Plaintiffs served their First Requests for Admission on Defendant on June 6, 2008.[1] Defendant filed a motion for extension of time on July 7, 2008.[2] It sought an extension until July 14, 2008. The Court held a telephone status conference on July 15, 2008, and granted Defendant's motion without objection.[3] On July 30, 2008, the Court granted Plaintiffs' unopposed motion to stay the case until the conclusion of the opt-in period for additional

---

[1]*See* Plaintiffs' Certificate of Service (doc. 57).

[2]Doc. 61.

[3]*See* doc. 63.

plaintiffs.[4] At the status conference of November 13, 2008, the Court ordered that the opt-in period for putative class members would expire on February 17, 2009.[5] One week later on February 23, 2009, Defendant filed the instant Motion to Respond to Discovery Out of Time.

## II. Standard for Ruling on Motion for Leave to File Answers to Requests for Admissions Out of Time

The Court finds that Defendant's Motion to Respond to Discovery Out of Time equates to a motion to withdraw admissions, pursuant to Fed. R. Civ. P. 36(b). It will therefore apply the test set forth in that rule.[6]

Federal Rule of Civil Procedure 36(a)(3) sets forth the time for responding to requests for admission. It provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."[7]

Subsection (b) of Rule 36, however, provides a mechanism for a party to withdraw or amend an admission. It states in pertinent part:

---

[4]*See* doc. 66.

[5]*See* doc. 77.

[6]*See Team Logistics, Inc. v. Orderpro Logistics, Inc.*, No. Civ.A.04-2061-JWL-DJ, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005) (adopting the Rule 36(b) test for permitting withdrawal of an admission as the standard to determine whether late filing of answers to requests for admissions should be permitted).

[7]Fed. R. Civ. P. 36(a)(3).

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[8]

Under Rule 36(b) the party moving to withdraw admissions bears the burden to demonstrate that the presentation of the merits of the action will be subserved or facilitated by ordering the withdrawal of the admissions.[9] The party who obtained the admission bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits.[10]

"The decision whether to permit the withdrawal of admissions is a discretionary one."[11] The court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission.[12] The advisory committee notes to the 1970 amendments indicate that the provision for the withdrawal or amendment of an admission "emphasizes the importance of having the action

---

[8]Fed. R. Civ. P. 36(b).

[9]*Team Logistics*, 2005 WL 1140774, at *2 (citing *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991)).

[10]*Id.*

[11]*Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987).

[12]*In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000).

resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."[13]

The prejudice contemplated by Rule 36(b) is not that the party who obtained the admission will have to convince the jury of the truth of the matter.[14] "The prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted."[15] The test of whether a party will be prejudiced by the withdrawal of an admission is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made.[16]

## III. Discussion

### A. Arguments of the Parties

Both parties direct their arguments toward the factors for showing excusable neglect. Plaintiffs argue that Defendant has not shown excusable neglect for its failure to timely serve responses to their requests for admission and they will be prejudiced if Defendant is permitted to serve responses out of time. They further claim that the delay in responding was within ability of Defendant to control, and that it has failed to set forth a persuasive argument

---

[13]Fed. R. Civ. P. 36 advisory committee's note to 1970 amendments.

[14]*Bergemann*, 820 F.2d at 1121.

[15]*Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (citing *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

[16]*Team Logistics*, 2005 WL 1140774, at *3 (citing 10A Fed. Proc., L.Ed. § 26:591).

that it acted in good faith. Plaintiffs point out that Defendants have requested several extensions of time. With regard to the requests for admission here at issue, Defendant received an extension until July 14, 2008 to respond. It failed to respond. Now eight months later it seeks leave to serve its responses out of time.

Defendant asks that the Court grant it leave to serve its responses out of time. It argues that it sought and received an extension of time to respond to the requests for admission "around the time" the parties discussed staying the proceedings. The Court thereafter granted the unopposed motion to stay the case. The stay remained in place to the conclusion of the opt-in period, February 17, 2009. At the end of the opt-in period, defense counsel failed to respond timely to the requests for admission because of a calendaring error by counsel.

**B. Application of Fed. R. Civ. P. 36(b)**

Applying the standard set forth in Fed. R. Civ. P. 36(b), the Court finds that the presentation of the merits of this action will be subserved or facilitated by granting Defendant leave to serve its responses to Plaintiffs' requests for admissions out of time. Defendant has sufficiently shown that granting such leave will have little effect upon the litigation. The Court finds that allowing such leave will promote the goal for the action to be resolved on the merits. The Court further finds that the circumstances of the prior extension of time and the stay of seven months contributed to Defendant's failure to timely serve its responses. Thus, the merits of the action will be facilitated by allowing Defendant to serve its responses out of time.

Having established that the matter will be facilitated by permitting Defendant to serve its responses to the requests for admission out of time, the Court then must determine whether Plaintiffs have demonstrated that withdrawal of the admissions will prejudice them in maintaining the action on the merits. The Court concludes that Plaintiffs have not sufficiently demonstrated that such prejudice will occur. The stay entered in the case only recently expired. The case remains in its relatively early stages and the deadline for completing discovery has not expired. The Court does not find that the ability of Plaintiffs to obtain the evidence for the matters addressed by its First Requests for Admission is more difficult than at the time the admissions were due.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Respond to Discovery Out of Time (doc. 120) is sustained. Defendant ASAP is hereby granted leave to file its responses to Plaintiffs' First Requests for Admission out of time. Defendant ASAP shall serve its responses to Plaintiffs' First Requests for Admission **within ten (10) days of the date of this Order**.

Dated this 7th day of April 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge