**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SCOTT ANDREW LEWIS,
On Behalf of Himself and
All Others Similarly Situated,

        Plaintiffs,         CIVIL ACTION

v.         No. 07-2226-EFM-GLR

ASAP LAND EXPRESS, INC.,
and JIM JOHNSTON,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Scott Lewis brings suit against defendants ASAP Land Express, Inc. ("ASAP") and Jim Johnston, on behalf of himself and others similarly situated, seeking recovery of unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA").[1] This matter is before the Court on Plaintiff's Motion to Compel Discovery (doc. 136). Pursuant to Fed. R. Civ. P. 37(a), Plaintiff requests an order to compel Defendant ASAP to properly respond to his Third Set of Interrogatories and Fifth Requests for Production. Plaintiff also requests his reasonable expenses incurred in making the motion. As set forth below, the motion is granted in part and denied in part.

**I. Discovery sought to be compelled**

Plaintiff asks the Court to compel Defendant to respond to his Third Set of Interrogatories and Fifth Requests for Production. Plaintiff limits his argument, however, to a single request for production, Request No. 8. This request, served on February 18, 2009, asks Defendant ASAP to "produce all Route Sheets created or used by Defendant which identify the route the Opt-In

---

[1] 29 U.S.C. § 201 *et seq*.

Plaintiffs were to utilize while working for Defendant." In its original response to the request, served on April 1, 2009, Defendant ASAP objected to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It specifically objected that the request was not limited by any time period.

On April 15, 2009, the attorney for Plaintiff sent defense counsel a golden-rule letter, discussing concerns with the objections and responses and requesting a suitable time and place for production. After further discussion between counsel, Defendant understood that Request No. 8 would be limited to the "relevant period," identified as between May 25, 2005 and February 2009. Defense counsel then agreed to produce documents responsive to Request No. 8.

On May 14, 2009, defense counsel informed the attorney for Plaintiff that several boxes of the requested documents, including those containing the route sheets, had been removed and supposedly discarded by its landlord when Defendant was evicted from its business premises. Defense counsel further reported the apparent loss of the requested route sheets at the status conference on May 28, 2009. The Court ordered the parties to cooperate and pursue further discovery and any necessary motions, pursuant to Fed. R. Civ. P. 37 or otherwise, to obtain from Defendant and his former landlord, drivers' logs and any other documents relevant to Plaintiff's case in chief.[2] This motion followed.

**II.     Motion to compel**

Plaintiff seeks an order to compel Defendant ASAP to produce driver route sheets responsive to Request No. 8 and for reasonable expenses in filing the motion. Defendants treat the instant motion, on the other hand, as seeking sanctions for spoliation. Plaintiff contends that an issue of

---

[2]*See* Minute Entry (doc. 135).

sanctions is premature because Rule 37 requires him to obtain an order to compel the discovery as a prerequisite to a motion for sanctions.

The Court agrees that an issue of spoliation is premature. From the Declaration of Jim Johnston,[3] the Court could easily speculate that the documents have by now been destroyed. The Court declines, however, to speculate. The Declaration indicates that the boxes were removed by the landlord of Defendants, after commencement of eviction proceedings of their business offices. Defendant Johnston states in his Declaration that he "inquired of the landlord as to what had happened to the missing boxes. I was unable to get a clear answer, but was told that the boxes were gone. I asked where they were taken, and the landlord's representative said they did not know."[4]

The Court declines to determine upon this motion whether the requested documents still exist. The route sheets may be highly relevant to an issue as to what relief, if any, Plaintiff and the class parties may be entitled. The documents may indeed be crucial to that issue. The Court will grant the motion to compel Defendant ASAP to produce the documents. With this ruling, the Court does not determine whether Defendants have exhausted reasonable efforts to locate and produce the documents. But a single inquiry to the landlord, an inability "to get a clear answer," a further inquiry as to where the boxes were taken, and a reply that "the landlord's representatives said they did not know"–taken together, all of this fails to cut the proverbial mustard, particularly in light of the possible importance of the documents in question. Defendant ASAP has a continuing duty to exercise reasonable efforts to preserve and produce the documents. That includes a duty to exert its best efforts to locate them or to determine if they have indeed been destroyed or may still be in

---

[3]Decl. of Jim Johnston, attached as Ex. 3 to Defs.' Resp. to Pl.'s Mot. to Compel Disc. (doc. 142-4).

[4]*Id.*

existence, and to reclaim them. Defendants may need to consider deposing the landlord. Or they may need to ascertain whether the requested route sheets are available from any other source, including electronically-stored repositories of information.

The Court finds that Plaintiff's motion to compel should be granted as to Request No. 8. Defendants have not reasserted any relevance objection in their response to the motion to compel and that objection is deemed abandoned.[5] Plaintiff has shown, however, that the route sheets are relevant in determining the measure of damages as they contain information of the number of hours worked. Defendant ASAP has asserted that it paid compensation to the opt-in plaintiffs, based upon the number of deliveries and their routes. As Plaintiff suggests, the route sheets would demonstrate the routes driven and hours worked by the parties and would be vital to an accurate determination of their damages.

Defendant ASAP also asserted an overly broad objection to Request No. 8. It did not reassert this objection in its response to the motion to compel. Instead, it states that "following discussion with plaintiff's counsel regarding defendant's objections, it was resolved that Request No. 8 was also limited to the 'relevant period' identified in other requests."[6] Plaintiff does not refute that he agreed to limit Request No. 8 to the "relevant period" identified in other requests. The Court finds that Defendant's objection has been withdrawn, given the purported agreement to limit the scope of Request No. 8 to the relevant time period of May 25, 2005 through February 2009.

---

[5]*See Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 620 (D. Kan. 2005) (objections asserted in a party's initial response to a discovery request but not reasserted in response to a motion to compel are deemed abandoned).

[6]Defs.' Resp. to Pl.'s Mot. to Compel Disc. (doc. 142), p. 3.

Defendant's objection that the production would be unduly burdensome also appears to be abandoned. Defendant has not reasserted it in the response to the motion to compel. **Within 30 days of the date of this Memorandum and Order**, Defendant ASAP shall produce all documents, including driver route sheets, responsive to Plaintiff's Request No. 8 for the time period May 25, 2005 through February 2009.

The Court's order on Plaintiff's motion to compel is, however, limited to Request No. 8, as Plaintiff has not offered any argument as to any other specific interrogatories or requests for production other than Request No. 8. The remainder of Plaintiff's motion, that seeks to compel Defendant ASAP to answer interrogatories or produce documents responsive to discovery requests other than Request No. 8, is denied.

### III.   Request for reasonable expenses

Plaintiff also requests, pursuant to Fed. R. Civ. P. 37(a), his reasonable expenses, including attorney fees, incurred in bringing the motion to compel. As the Court only granted Plaintiff's motion to compel as to Request No. 8, their request for reasonable expenses falls under Fed. R. Civ. P. 37(a)(5)(C). Pursuant to that Rule, when a motion to compel is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

Under Rule 37(a)(5)(C), the Court may apportion the reasonable expenses for the motion. Finding that actions or inactions of Defendant(s) with regard to preservation of the business records necessitated the motion, the Court grants Plaintiff's request for reasonable expenses for making the motion. **Within 20 days of the date of this Memorandum and Order**, Plaintiff shall file a memorandum of requested expenses indicating the dollar amount of reasonable expenses they are claiming, along with any other documentary support for the requested amount, they incurred in

-6-

making this motion to compel.  Defendants shall have **20 days thereafter** to file any response to Plaintiff's request for reasonable expenses.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (doc. 136) is granted in part and denied in part, as set forth herein.

Dated this 20th day of August 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge
