# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT ANDREW LEWIS,<br>**On Behalf of Himself and**<br>All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ASAP LAND EXPRESS, INC.**<br><br>**and**<br><br>**JAMES A. JOHNSTON**<br><br>**Defendants.** | **Case No. 07-2226 EFM/GLR** |

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS:

A. On May 19, 2010, the Named Plaintiff Scott Lewis in the above-captioned action (the "Lawsuit"), individually and as Collective Action Representative, and Defendant ASAP Land Express, Inc. ( the "Company"), by their respective counsel of record, presented before this Court for approval a Settlement Agreement and General Release, with Exhibits, ("Agreement") and supporting motion and memorandum;

B. This Court has duly considered representations and all of the submissions presented with respect to the Agreement addressing the collective class claims asserted in the Lawsuit under the Fair Labor Standards Act ("FLSA");

C. All capitalized terms in this Order with respect to the Agreement addressing the collective class claims asserted under the FLSA that are not otherwise defined have the same meaning as in the Agreement;

**NOW THEREFORE**, after due deliberation, this Court hereby ORDERS that:

1. This Order ("FLSA Approval Order") will be binding on the Plaintiffs as defined in the Agreement;

2. The Court will execute the Consent Judgment and said Judgment shall be deemed to be entered as of the date of this Order;

3. The Agreement is fair, reasonable and adequate, is in the best interest of the Plaintiffs, should be, and hereby is, approved, especially in the light of the benefits to the Plaintiffs under the circumstances presented in this Lawsuit and the Company's insolvency, the substantial discovery, briefing and investigation conducted by Plaintiffs prior to the proposed settlement, and the complexity, expense and risks involved in this Lawsuit;

4. The Notice of Settlement proposed by the Parties fully and accurately informs the Plaintiffs of all material elements of the Lawsuit and the Agreement;

5. Within thirty (30) days after entry of this Order, Plaintiffs' Counsel shall mail such Notice by First Class mail to the last known addresses of Plaintiffs;

6. This Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

7. All Plaintiffs shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Company as set forth in the Agreement but shall not be

        barred from pursuing any relief or enforcement of the Consent Judgment;

8.       Each Party shall bear their own costs associated with this Lawsuit;

9.       Plaintiffs' Counsel shall not receive their costs or fees associated with prosecuting this Lawsuit as per the Agreement; and

10.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2010.

                                  /s Eric F. Melgren
                          THE HONORABLE ERIC F. MELGREN
                          UNITED STATES DISTRICT JUDGE