## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter "Agreement") is made and entered into by and between Scott Lewis, on behalf of himself and the 38 other similarly situated plaintiffs who have opted in to the Lawsuit as of the date this Agreement is executed by all Parties (collectively "Plaintiffs"), and ASAP Land Express, Inc. ("the Company") (together "Parties").

WHEREAS, Plaintiffs allege they were improperly classified as independent contractors and, as such, not properly compensated for overtime for work performed in excess of forty hours in a work week in violation of the Fair Labor Standards Act;

WHEREAS, Plaintiffs filed a lawsuit in the District of Kansas, Case No. 07-cv-2226 ("the Lawsuit");

WHEREAS, the Company denies any and all unlawful actions and/or liability whatsoever and specifically disclaim any wrongful acts against Plaintiffs on the part of themselves or any past or present officer, manager, agent, employee or representative of the Company and it contends that the putative class members were properly compensated for their work; and

WHEREAS, Plaintiffs and the Company ("the Parties") now wish to amicably resolve this dispute:

NOW, THEREFORE in consideration of the covenants and promises set forth below, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Settlement Amount and Payment Terms:

    (a) The Company represents, and Plaintiffs acknowledge, that it is insolvent and is unable to satisfy a settlement in any amount. As such, the Company agrees to execute and file with the Court a consent judgment in the amount of Two Hundred Thirty-Five Thousand Two Hundred Dollars and No Cents ($235,200.00) ("Settlement Amount") to be divided in equal parts between the Plaintiffs in exchange for the covenants, conditions, and obligations set forth by Plaintiffs in this Agreement (attached hereto as Exhibit 1) ("Consent Judgment"). The Parties acknowledge and agree that the Settlement Amount shall not be reduced in the event a Plaintiff files a motion to dismiss him/herself as an opt-in plaintiff from this action, but his/her portion of the Settlement Amount shall be redistributed in equal portion to the remaining Plaintiffs. Plaintiffs acknowledge and agree that the Settlement Amount does not include liquidated damages. The Company further represents that Mr. James A. Johnston is the proper and legal corporate representative to execute the Consent Judgment such that it will legally bind the Company;

    (b) Plaintiffs acknowledge and agree that they shall not receive attorneys' fees or costs incurred in prosecuting this Lawsuit and there will be no liquidated

EXHIBIT 1

damages;

(c) The Parties agree that in the event the Company is able to satisfy the Consent Judgment by paying the Settlement Amount to Plaintiffs, in part or in whole, at any point in time, that all payments made to Plaintiffs pursuant to this Agreement are to be reported on IRS Form 1099 subject to appropriate deductions in accordance with applicable law; and

(d) Plaintiffs acknowledge and agree that the Plaintiffs' Counsel and Company have not made any representations to them as to the taxability or nontaxability of the payments made, if any, pursuant to paragraph 1 of this Agreement. Any and all tax obligations associated with this settlement, whether arising under federal, state or local laws, shall be the sole responsibility of Plaintiffs except as provided otherwise by law.

2. The Parties acknowledge and agree that Plaintiffs' Counsel, will prepare and mail a notice informing the Plaintiffs (which includes only those persons who have opted into the Lawsuit as of the date this Agreement is executed by all Parties) of the terms of this Agreement and the settlement (attached hereto as Exhibit 2) ("Notice of Settlement"). The Notice of Settlement will include, but will not necessarily be limited to, the following:

A. The insolvency of the Company;
B. Each individual Plaintiff's right to pursue their claims outside of this Lawsuit if they choose to opt-out of this Lawsuit;
C. Each individual Plaintiff's right to seek independent counsel;
D. That each Plaintiff is advised to seek independent legal advice regarding their claims and the effect of executing this Agreement;
E. That Plaintiffs' Counsel will seek to withdraw from representation of the Plaintiffs' once the Court has approved the settlement and the Court has entered judgment against the Company; and
F. That Plaintiffs' Counsel will not seek to enforce the Consent Judgment absent a separate agreement with an individual Plaintiff.

3. Upon approval of the settlement by the Court and after the Company has executed and the Court had entered the Consent Judgment, Plaintiffs agree to file a dismissal with prejudice of James A. Johnston individually from the Lawsuit.

4. Plaintiffs, for themselves, their heirs, executors, beneficiaries, successors, assignees, family members, and any other person or entity who could now or hereafter assert a claim in their name or on their behalf, hereby releases and forever discharges the Company, its successors and assignees, related entities, parents, subsidiaries, heirs, and affiliates, and all past and present officers, directors, employees, and agents of the Company and its related entities and affiliated organizations ("Released Parties"), from any and all past, present, or future claims, lawsuits, demands, actions, or causes of actions, which Plaintiffs now have, own, or hold, or claim, or could have claimed, to have, own, or hold or which Plaintiffs at any time heretofore had owned or held, or claimed, or could have claimed, to have had, owned, or held, arising from or dependent on the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and federal, state and local

laws governing wage and hour issues, including those related to wage and/or hour issues, and unpaid overtime pay, whether for attorneys' fees or damages ("Released Claims"). Further, Plaintiffs covenant not to sue the Released Parties for any Released Claim. The Parties specifically acknowledge and agree that Plaintiffs are not, in any way, waiving or limiting their right to enforce the Consent Judgment in paragraph 1 above or their right to assert any claims and/or right to initiate any proceedings in connection with the collection or enforcement of the Consent Judgment in paragraph 1.

5.      The Parties acknowledge that this Agreement is a compromise of all disputed claims and that nothing in this Agreement constitutes or will be treated by any party as an admission of liability or wrongdoing.   The Company specifically denies any liability or wrongdoing.

6.      This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors, assignees, affiliates, all past and present officers, directors, employees, agents and related entities and affiliated organizations.

7.      The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement and to obtain Court approval of the settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

8.      The Parties acknowledge and agree that this Agreement and the settlement are subject to the approval of the Court. In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties. The Parties however, agree that in the event that this Agreement does not obtain Court approval, that the Parties will make a good faith effort to negotiate new settlement terms.

9.      This Agreement shall be governed by and construed in accordance with Kansas law.

10.     Should any of the provisions of this Agreement be declared or be determined by any court or arbitrator to be illegal, void, invalid, or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

11.     This Agreement sets forth the entire agreement and understanding between the Parties on the subject matter hereof, and supersedes all prior and contemporaneous discussions and negotiations between them. This Agreement may be amended, modified, or supplemented only by a written instrument executed by the Parties.

12.    Plaintiff Scott Lewis acknowledges that he has consulted with an attorney prior to signing this Agreement and this Agreement is written in a manner calculated to be understood by him and he in fact understands this Agreement and its effects.

13.    In the event that either Party breaches any portion of this Agreement, the prevailing Party in an action or claim to enforce this Agreement may recover from the other Party its reasonable attorneys' fees and costs, including expert witness fees.

14.    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement.

15.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

16.    The Parties hereto separately acknowledge that they have the authority to execute this Agreement to be fully binding on behalf of the person or entity indicated.

IN WITNESS THEREOF, the Parties have executed this Agreement by their signatures below.

_____                    _____
SCOTT LEWIS, Plaintiff                         DATE
                                               5-7-10

_____                    _____
ASAP LAND EXPRESS, INC.                        DATE
By: Authorized Agent James A. Johnston

12.    Plaintiff Scott Lewis acknowledges that he has consulted with an attorney prior to signing this Agreement and this Agreement is written in a manner calculated to be understood by him and he in fact understands this Agreement and its effects.

13.    In the event that either Party breaches any portion of this Agreement, the prevailing Party in an action or claim to enforce this Agreement may recover from the other Party its reasonable attorneys' fees and costs, including expert witness fees.

14.    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement.

15.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

16.    The Parties hereto separately acknowledge that they have the authority to execute this Agreement to be fully binding on behalf of the person or entity indicated.


IN WITNESS THEREOF, the Parties have executed this Agreement by their signatures below.


_____

SCOTT LEWIS, Plaintiff                          _____
                                                DATE


_____                _____
ASAP LAND EXPRESS, INC.                         5-14-10
By:  Authorized Agent James A. Johnston         DATE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT ANDREW LEWIS,                  )
On Behalf of Himself and             )
All Others Similarly Situated,       )
                                     )
                                     )    Case No. 07-cv-2226  EFM/GLR
                                     )
vs.                                  )
                                     )
ASAP LAND EXPRESS,  INC.             )
                                     )
and                                  )
                                     )
JAMES A. JOHNSTON                    )
                                     )
        Defendants.                  )

## CONSENT JUDGMENT

The Plaintiffs, a list of which are set forth in Exhibit A attached hereto, and Defendant,

ASAP Land Express, Inc., agree that judgment shall be entered in this case against Defendant

ASAP Land Express, Inc., as evidence by the signatures below, and as such it is hereby

ORDERED AND ADJUDGED that judgment be rendered in favor of Plaintiffs, in equal part,

and against Defendant ASAP Land Express, Inc. for the principal sum of $235,200.00, and

future interest at a rate 10% per annum.


_____
The Honorable Eric F. Melgren
United States District Judge

Ex. 1

s/Michael F. Brady<br>
Michael F. Brady<br>
Attorney for Plaintiff

s/Terry L. Mann<br>
Terry L. Mann<br>
Attorney for Defendant

ASAP Land Express, Inc.

Scott Lewis<br>
Plaintiff

James A. Johnston on behalf of<br>
ASAP Land Express, Inc.

Michael F. Brady
Michael F. Brady
Attorney for Plaintiff

s/Terry L. Mann
Terry L. Mann
Attorney for Defendant

ASAP Land Express, Inc.

Scott Lewis
Plaintiff

James A. Johnston on behalf of
ASAP Land Express, Inc.

05/07/2010  14:03    9136960468              BRADY & ASSOCIATES             PAGE  03/03

Michael F. Brady
Attorney for Plaintiff

Terry L. Mann
Attorney for Defendant

ASAP Land Express, Inc.

Scott Lewis
Plaintiff

James A. Johnston on behalf of
ASAP Land Express, Inc.

_____
Michael F. Brady
Attorney for Plaintiff

_____
Scott Lewis
Plaintiff

_____
Terry L. Mann
Attorney for Defendant

ASAP Land Express, Inc.

_____
James A. Johnston on behalf of
ASAP Land Express, Inc.

Ex. A

## ASAP OPT-INS

| Name |
| --- |
| Omar Abushikha |
| Ashley Anne Nicole Aldredge |
| Mark Allen |
| Lee Ashby, Jr. |
| Hamed Awadi |
| Kieth Bishop |
| Peter Blucas |
| Darrell Chartier |
| Farrell Chartier |
| Kathie Dreiling |
| Eric Fayziev |
| Richard Fulton |
| Thomas Gerry |
| William Gillespie |
| Lewis Graves |
| Duane Harrington |
| Elaine Hauser |
| Lashell Jones |
| Linda Leach c/o Carl Leonard |
| James Lewis |
| Sherry Lewis |
| Jay Lovelaud |
| Donald Martin |
| Tesfaye Mengesha |
| Patricia Mitchell |
| Denise Moore |
| William Moorehouse |
| William Morgan |
| John Patchett |

## ASAP OPT-INS

| |
|---|
| Travis Redmond |
| Larry Smith |
| Wendell Tumberg |
| Francis Vidrickson |
| Ronald Weinlood |
| Angela Wells |
| Billy White |
| Paul White |
| Carl Wilkening |
| Brian Williams |